Order Form (06/97)



# United Sta___ District Court, Northern Distri___ f Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7300 | **DATE** | 4/9/2001 |
| **CASE TITLE** | Lante Corporation vs. WHAT'SHOTNOW.COM | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We think that all the considerations stated in 28 U.S.C. Section 1404(a) dictate that this case be transferred to the Central District of California.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | 4/10/01 | | |
| ✓ | Docketing to mail notices. | | date docketed | 9 | |
| | Mail A 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LANTE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 7300 |
| | ) | |
| WHAT'SHOTNOW.COM, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED

APR 10 2001

DOCKETED

APR 10 2█

## MEMORANDUM OPINION AND ORDER

Plaintiff provided consulting and development services to defendant relating to the creation of an e-commerce web site. The Agreement was entered into effective March 15, 2000, with possible work assignments during the following two years. The work that was assigned was allegedly completed by September 1, 2000, and defendant ceased assigning any new work. Defendant, according to plaintiff, paid $2,229,349, but that still leaves a balance due and owing of $2,700,886, plus late charges. It seeks recovery of what is allegedly owed, asserts that defendant continues to use the benefits of plaintiff's work without paying for them, and contends that it, not defendant, owns the intellectual property involved because defendant had rights to that property only if it paid its bills.

Defendant now moves to dismiss, claiming that the dispute is subject to binding arbitration. Alternatively, it moves to transfer the action to the Central District of California. Plaintiff opposes both.

We are inclined to believe that the dispute is not subject to arbitration. We are mindful that federal law favors arbitration and "any doubts concerning the scope of arbitrable issues

9

should be resolved in favor of arbitration whether, the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." Moses H. Cone Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). Nor are we particularly impressed by plaintiff's assertion that its claim to intellectual property is a claim to property, not to fees. After all, it appears to concede that the intellectual property belongs to plaintiff if the fees have been properly paid. Still, arbitration is a matter of consent between the parties and the scope of the arbitration provision is a matter of contract interpretation.

Here the arbitration provision is related to an escrow arrangement. If there was a good faith dispute about fees defendant was to deposit the contested amount in an escrow account "reasonably acceptable to the parties or approved by the arbitrator..." and the proceeds were to be distributed pursuant to the arbitrator's award. If the deposit was not timely made, then plaintiff could terminate the Agreement. The arrangement appears to contemplate a way to safeguard both parties and resolve fee disputes while the work was in process. But defendant did not pay any disputed amounts into escrow, the work has been completed, and the relationship is at an end. Defendant claims that the work was not properly done, a dispute related to the warranty provisions, and those provisions are separate from the payment provisions embodying the arbitration arrangements. To escape the warranty restrictions on remedy to the reperforming of services, we assume that defendant is claiming that the necessary work was not done properly in a timely fashion.

We do not, however, decide the matter because this case clearly should be transferred to the Central District of California. Even if we did rule, the federal court in California could be and would be asked to reconsider the issues, and therefore we leave it to that court for determination.

Plaintiff has its main office in this district, the Agreement is to be governed by Illinois law, some relevant financial and other records may be located here, and plaintiff may want one of its executives and perhaps others to testify about the absence of any complaints by defendant at a meeting in Chicago and in telephone conversations. Those persons are, however, subject to plaintiff's direction.

In contrast, defendant is located near Los Angeles. The Agreement was negotiated by defendant's personnel and one or two of plaintiff's employees, both of whom are located in plaintiff's Los Angeles office. The entire performance was in California. The program manager for plaintiff, Michael Macy, is an independent contractor not subject to plaintiff's direction. He is located in the Los Angeles area. Defendant, like many dot com companies, has apparently fallen upon hard times. Those of the personnel who were involved with the project have, with the exception of Marc Von Arx, its executive vice-president and general counsel, left the company although they remain in the area. They number six and, we are told, each was substantially involved, one way or another, in what was being done or not done and what worked and what did not. And Von Arx is also there. Since the evidence in this case is likely primarily to center on what happened in California and the key witnesses are largely centered there as well and not subject to the subpoena power of this court, we think that all the considerations stated in 28 U.S.C. § 1404(a) dictate that this case be transferred to the Central District of California.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 9 , 2001.